UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DION MILLER, <br><br> Plaintiff, <br><br> v. <br><br> SEAN MEANS, ET AL., <br><br> Defendants. | Hon. Claire C. Cecchi, U.S.D.J. <br> Hon. Jose R. Almonte, U.S.M.J. <br><br> Docket No. Civ. No. 2:25-cv-01009 <br><br> <u>Civil Action</u> |

_____

**BRIEF IN SUPPORT OF DEFENDANT CHARLES RUSSO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
_____

                                        MATTHEW J. PLATKIN
                                        ATTORNEY GENERAL OF NEW JERSEY
                                        R.J. Hughes Justice Complex
                                        25 Market Street |P.O. Box 112
                                        Trenton, New Jersey 08625-0112
                                        *Attorney for Defendant Charles Russo*

By:   Azeem M. Chaudry, Esq.
       Deputy Attorney General
       (609) 696 – 5161
       azeem.chaudry@law.njoag.gov

## **PRELIMINARY STATEMENT**

Plaintiff Dion Miller ("Plaintiff") filed a complaint alleging that his constitutional rights were violated by the Defendant Sergeant Charles Russo ("Russo") stemming from Plaintiff's 2003 homicide conviction and subsequent exoneration. Ultimately, Plaintiff's claims against Russo are not cognizable as a matter of law for the following reasons.

First, Plaintiff's civil rights claims against the Russo in his official capacity should be dismissed because Russo, in his official capacity, is not "persons" amenable to suit under Section 1983.  Second, any claims against Russo in his individual capacity fail because Plaintiff has not demonstrated that Russo was personally involved with any alleged violation of his civil rights and instead improperly relies upon improper group pleading. Finally, Plaintiff's state common law claim of intentional infliction of emotional distress should be dismissed because he fails to state a claim against Russo.

Accordingly, for these reasons, the Russo are entitled to dismissal in accordance with Fed. R. Civ. P. 12(b)(6).

# **PROCEDURAL HISTORY AND STATEMENT OF FACTS**[1]

This matter stems from Plaintiff's 2006 homicide conviction. The facts relevant taken as true only for purposes of this motion as to Defendant Russo are as follows.

**A. Background**

At approximately 8:00 p.m. on January 5, 2003, Romeo Cavero was attacked and robbed near his residence in Jersey City. *See* ECF No. 1 Plaintiff's Complaint ("Compl.") ¶ 35. Mr. Cavero was robbed and struck on the head multiple times by his attacker. *Id.* at 36. The attack did not immediately kill Mr. Cavero, who was able to return back to his apartment and call members of his family. *Id.* at 37.

Around thirty minutes later, Plaintiff was visiting his grandmother who lived in the same apartment building as Mr. Cavero. *Id.* at 39-46. After Plaintiff noticed blood on the floor near his grandmother's apartment, he checked on his grandmother who was not bleeding, and subsequently followed the trial of blood to Mr. Cavero's apartment and knocked on his door. *Id.* Plaintiff who had a friendly relationship with Mr. Cavero noticed he was injured, and call emergency services. *See* Compl. ¶¶ 42-50. Mr. Cavero's family also arrived on the scene. *Id.*

While waiting for emergency services, Mr. Cavero told his family member and Plaintiff that he was attacked by an unidentified black male driving a small black

---

[1] These sections are combined for the Court's convenience.

vehicle. *Id.* at 54-57. Once emergency services arrived, Mr. Cavero told the responding patrol officer that his assailant was an unidentified medium build black male. *Id.* Sadly, Mr. Cavero succumbed to his injuries at the hospital and died on January 9, 2003. *Id.* at 68.

### B. The Investigation

The next day, on January 6, 2003, Plaintiff was taken to the Jersey City Police Department to be questioned by detectives. *Id.* During the questioning, Plaintiff who is cognitively disabled alleges that he was psychologically coerced for seventeen (17) hours that resulted in a false confession. *Id.* at 84-109. Notably silent, Plaintiff's Complaint does not assert any factual allegations concerning Russo. *Id.* According to Plaintiff's Complaint, Russo did not participate in any capacity, neither supervisory nor personally, through Plaintiff's homicide investigation and subsequent trial and conviction. *Id.* at 84-133.

### C. Plaintiff is Exonerated

In 2023, the Office of the New Jersey Attorney General's Office of Public Integrity and Accountability ("OPIA") reinvestigated Plaintiff 2003 investigation and subsequent conviction, and ultimately petitioned the state courts that Plaintiff's conviction be overturned. *Id.* at 134-138. Plaintiff conviction was granted a new trial and is no longer in prison. *Id.*

**D. This Lawsuit**

On February 25, 2025, Plaintiff filed a Complaint against Russo, among many other defendants[2] alleging the following: violation of Plaintiff's due process under § 1983, (Count I); deprivation of liberty without probable cause in violation of Fourth and Fourteenth Amendments under § 1983, (Count III); Supervisory Liability claims under § 1983 only raised against Russo, (Count IV); failure to intervene under § 1983, (Count V); conspiracy to deprive constitutional rights under § 1983, (Count VI) and; intentional infliction of emotional distress under state law (Count XI). *See* Compl. ¶¶ 166-232. This motion follows.

## STANDARDS OF REVIEW

In lieu of filing an answer to a complaint, a defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Melo v. Hafer*, 13 F.3d 736, 744 (3d Cir. 1994) (holding that a motion asserting judicial immunity is brought under Rule 12(b)(c)). To survive a motion to dismiss under this Rule, a complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* And, "[n]or does a complaint suffice if it tenders

---

[2] For purposes of clarity, we only recount the specific counts alleged against Russo.

'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

Under the *Iqbal/Twombly* pleading framework, a district court should undertake a three-prong analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court should "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* Next, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*; *Twombly*, 550 U.S. at 555 (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Finally, when a plaintiff's complaint contains "well-pleaded factual allegations," the allegations should be presumed veracious, and the court should ascertain whether they "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563. This finding requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

# ARGUMENT

## POINT I[3]

### RUSSO IN HIS OFFICIAL CAPACITY IS NOT CONSIDERED A 'PERSON' WITHIN THE MEANING OF 42 U.S.C. § 1983.

Because Plaintiff's Complaint against Russo in his official capacity is construed as a suit lodged against the State itself, this Court should dismiss Plaintiff's claims against Russo in his official capacity because Russo is entitled to Eleventh Amendment Immunity, and is not a "person" amenable to suit under 42 U.S.C. § 1983.

**A. Russo, in his Official Capacity, is Immune from Suit in Federal Court Pursuant to the Eleventh Amendment.**

It is well-established that a federal cause of action cannot be maintained against either a state or an agency of that state. *See Alabama v. Pugh*, 438 U.S. 781 (1987). The prohibition against naming a state or state agency as a party in a federal suit derives from the Eleventh Amendment, which provides: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign

---

[3] For the convenience of the Court and to avoid piecemeal moving papers, we rely and reference the legal argument presented in *Point I* of Defendants HCPO and Michael Gelchion, *see* ECF No. 48, arguing that the HCPO is an arm of the State by applying the *Fitchik* factors, and as such, necessitating the conclusion that Russo, in his official capacity, is suit against the State (or an arm of the State).

state." U.S. Const., Amend. XI. The amendment precludes federal jurisdiction over a state absent the state's consent to suit. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

The immunity from suit extends to "agencies or Department[s]" of the state as well. *Id.* at 101-102. The state is considered the real party in interest in two circumstances: whenever "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *College Savings Bank v. United States of America*, 948 F. Supp. 400, 409 (D.N.J. 1996) (quoting *Pennhurst*, 465 U.S. at 101 n.11). A state's sovereign immunity can be invoked even where the suit is against a state agency, official or employee. *Pennhurst*, 465 U.S. 89.

It is well-settled that an officials acting in their official capacities are not "persons" under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This is because

> a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself. And the same must be said of a directive to an official in his or her official capacity.
>
> [*Printz v. United States*, 521 U.S. 898, 930–31 (1997) (quoting *Will*, 491 U.S. at 71).]

8

Here, Russo, in his official capacity, is an extension of the State itself, and is therefore, unquestionably entitled to Eleventh Amendment Immunity.[4] *Printz*, 521 U.S. at (1997) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *see also Will*, 491 U.S. at 71.  Accordingly, any claims against Russo in his official capacity should be dismissed with prejudice.

**B. Russo, in his Official Capacity, is Not a "Person" Amenable to Suit Under Section 1983.**

Russo is not a "person" amenable to suit under Section 1983. To be liable within the meaning of Section 1983, a defendant must be a "person." *Will*, 491 U.S. at 71 (establishing that states, officials acting in their official capacities, and arms of the state are not persons amenable to suit under Section 1983).

Courts in this circuit have consistently held that county prosecutors are not "persons" under § 1983. *See, e.g., Mikhaeil*, 646 F.App'x at 161 ("Because the [HCPO] is a state agency, not local governmental body, it is not a person amenable to suit under § 1983"); *Calan*, 2017 U.S. Dist. LEXIS 44235, at *5 (citing cases) ("It is well-settled law that the prosecutor's office a New Jersey county, such as the HCPO in this instance, is not a 'person' subject to liability under [§] 1983 or the

---

[4] *See, e.g., Mikhaeil v. Santos*, 646 F.App'x 158, 161 (3d Cir. 2016) ("Because the [HCPO] is a state agency, not local governmental body, it is not a person amenable to suit under § 1983")

9

NJCRA, particularly when that office is fulfilling its law enforcement and investigative roles."); *Henry*, 2016 U.S. Dist. LEXIS 52580, at *17 ("Therefore, even if the NJT and HCPO were not entitled to sovereign immunity, Plaintiff's § 1983 claim would fail because HCPO and NJT are not a 'person[s]' under [§ 1983]").

With respect to claims against officials acting in their official capacity, it is clear that such are not "persons" under Section 1983. *See Will*, 491 U.S. at 71. This is because, as noted above, official capacity claims are no different than a suit against the State itself. *Printz*, 521 U.S. at 930–31 (quoting *Will*, 491 U.S. at 71).]

Here, Plaintiff has alleged constitutional claims against Russo in his official capacity, seeking monetary damages. *See* ECF No. 1. As such, all of Plaintiff's claims against should be dismissed against Russo, in his official capacity, with prejudice.

## POINT II

**THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT AGAINST RUSSO IN HIS INDIVIDUAL CAPACITY BECAUSE PLAINTIFF HAS FAILED TO DEMONSTRATE RUSSO'S PERSONAL INVOLVEMENT IN ANY ALLEGED CIVIL RIGHTS VIOLATION.**

Plaintiff has failed to demonstrate Russo's personal involvement in any alleged violation of his civil rights, and instead relies upon an improper group pleading in an attempt to demonstrate a cognizable claim. Thus, any civil rights claims asserted against Russo in his individual capacity should be dismissed.

There are two working principles underlying the Motion to Dismiss standard, pursuant to *Fed. R. Civ. P.* 12(b)(6). First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, legal conclusions "must be supported by factual allegations" in order to be "entitled to the assumption of truth." *Id.* at 679.

Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Whether a Complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* A claim is plausible on its face when the Plaintiff "pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556).

In reviewing the sufficiency of a pleading, a Court must first "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, a Court should identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Finally, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To the extent Plaintiff is attempting to assert some kind of civil rights claims under 42 U.S.C. § 1983 against Russo, such fails as a matter of law because Plaintiff has failed to demonstrate that Russo was personally involved in any alleged wrongdoing.

Under Section 1983, a plaintiff must plead a deprivation of a constitutional right, and that the deprivation was caused by a person acting under the color of state law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). Furthermore, in any civil rights action, a plaintiff must establish that the defendant had "personal involvement in the alleged wrongs," which "can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003). The allegations "must be made with appropriate particularity." *Id.*

12

Here, the Complaint contains no more than the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" found insufficient by the Supreme Court. *Iqbal*, 556 U.S at 678 (citing *Twombly*, 550 U.S. at 544). Plaintiff's Complaint **does not assert any factual allegations** against Russo. *Id.* Plaintiff's Complaint fails to provide any factual allegation against Russo. Put differently, according to Plaintiff's Complaint, Russo did not participate in any capacity, neither supervisory nor personally through Plaintiff's homicide investigation and subsequent trial and conviction. *Id.* at 84-133.

But since "'labels and conclusions' . . . will not do," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555), Plaintiff's constitutional rights claims fail. Even if the Court were to accept all factual allegations as true, which it must at this stage, it remains clear that Plaintiff has failed to demonstrate Russo was personally involved in any alleged constitutional violations. Section 1983 requires that a plaintiff establish that the defendant have "personal involvement in the alleged wrongs," which "can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207.

Here, Plaintiff's factual allegations fail as a matter of law, because there are no underlying factual contentions that support any cognizable cause of action. As noted above, there is **no personal involvement** by Russo, if any, is not plead – and, therefore constitutes the very type of "unadorned, the-defendant-unlawfully-

13

harmed-me accusation" that the Supreme Court has readily determined to be insufficient at this stage. *Iqbal*, 556 U.S at 678.

Moreover, Plaintiff improperly relies upon group-pleading in an attempt to hold Russo liable for alleged misconduct. Where a complaint "collectively leaves defendants unable to discern which allegations apply to any of them individually," such "group pleading" is prohibited and the complaint should be dismissed. *Cabrera v. United States*, No. 21-17483, 2021 U.S. Dist. LEXIS 221889, at *13 (D.N.J. Nov. 17, 2021); s*ee also Pushkin v. Nussbaum*, No. 12-324, 2017 U.S. Dist. LEXIS 65134, at *21 (D.N.J. Apr. 28, 2017) ("[G]roup pleading is impermissible because it fails to put each Defendant on notice of their specific actions which render them liable to Plaintiffs. Without more, it is impossible for Defendants to mount a defense."), *report and recommendation adopted by*, 2018 U.S. Dist. LEXIS 9368 (D.N.J. Jan. 19, 2018). *Dillard v. Morris Cty. Prosecutor's Office*, No. 19-19089, 2020 U.S. Dist. LEXIS 152617, at *9-10 (D.N.J. Aug. 24, 2020); *see also Ingris v. Borough of Caldwell*, No. 14-855, 2015 U.S. Dist. LEXIS 74255, at *16 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading.").

A group pleading "fails to satisfy Rule 8 'because it does not place Defendants on notice of the claims against each of them.'" *Mills v. Ethicon, Inc.*, 406 F. Supp.

14

3d 363, 386-87 (D.N.J. 2019) (*citing Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 U.S. Dist. LEXIS 168019, at *8 (D.N.J. Dec. 16, 2015) (*citing Ingris v. Borough of Caldwell*, No. 14-855, 2015 U.S. Dist. LEXIS 74255, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."); *Shaw v. Housing. Auth. of Camden*, 11-4291, 2012 U.S. Dist. LEXIS 112694, at *2 (D.N.J. Aug. 10, 2012) (dismissing complaint because it failed to contain allegations showing how each defendant was liable and noting that "[e]ven under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants."); *Yu-Chin Chang Upright Fin. Corp.*, No. 19-18414, 2020 U.S. Dist. LEXIS 15009, at *3 (D.N.J. Jan. 28, 2020) (finding that a Complaint cannot "indiscriminately attribute wrongdoing to a group of defendants, leaving them to guess as to who allegedly did what.").

Here, Plaintiff's Complaint warrants dismissal because it contains nothing more than generalized allegations against Russo. For instance, in Count IV, the first time Russo is mentioned in Plaintiff's Complaint, he alleges that,

> Specifically, the supervisory defendants were personally involved in the case against Mr. Miller and knew or, in the absence of their deliberate indifference and recklessness, should have known of his subordinates' unconstitutional actions and related misconduct in the case.
>
> The personal involvement of the Defendant supervisors, through their actions and omissions, proximately and

15

> directly caused the constitutional deprivations and grievous personal injuries suffered by Mr. Miller, including the above-mentioned injuries and damages

[Plaintiff's Compl. ¶¶ 184-187.]

Plaintiff merely "lumps together" Russo allegedly supervised any aspect of the Plaintiff's 2003 homicide investigation and conviction without the particularized specificity that is required in order to sufficiently plead a cognizable civil rights claim. *Rode*, 845 F.2d at 1207. Again, Plaintiff's Complaint **does not assert any factual allegations** against Russo. *Id.* According to Plaintiff's Complaint, Russo did not participate in any capacity, neither supervisory nor personally through Plaintiff's homicide investigation and subsequent trial and conviction. *Id.* at 84-133.

In short, to group Russo together with other "supervisory defendants" baldly state that they collectively violated Plaintiff's rights offends both the letter and spirit of Rule 8. Simply put, Russo is a separate person from the other named defendants in this matter. For that reason, Plaintiff's Complaint in its entirety, against Russo should be dismissed with prejudice.

## POINT III

### THIS COURT SHOULD DISMISS PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS TORT CLAIM BECAUSE PLAINTIFF FAILS TO PLEAD SUFFICIENT FACTUAL ALLEGATIONS.

While the arguments in Points II of the within motion are sufficient grounds for dismissal of Russo, Plaintiff likewise fails to allege any facts suggesting Gelchion is liable for intentional infliction of emotional distress ("IIED").

A well-pled claim of intentional infliction of emotional distress requires the following elements: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme or outrageous; (3) the conduct proximately caused Plaintiff emotional distress; and (4) Plaintiff's emotional distress was severe. *See Hill v. New Jersey Dept. of Corrections Com'r Fauver*, 776 A.2d 828, 841 (N.J. Super. App. Div. 2001), *certif. denied*, 793 A.2d 717 (N.J. 2002).

In order to qualify as "extreme and outrageous," the defendant's conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id.* at 842 (quoting *Buckley v. Trenton Saving Fund Soc.*, 544 A.2d 857, 863 (N.J. 1988)). In order for a plaintiff's distress to meet the severity requirement, it must be "'so severe that no reasonable person could be expected to endure it.'" *Hill*, 776 A.2d at 842 (quoting *Buckley*, 544 A.2d at 863).

Here, Plaintiff's Complaint does not assert any factual allegations against Russo. *Id.* By way of example, in *Wagner v. City of Newark*, No. 23-731, 2025 US. Dist. LEXIS 35267 (D.N.J. Feb. 27, 2025), this Court dismissed the plaintiff's IIED claim against a named defendant "[b]ecause the Amended Complaint d[id] not set out how Defendant Henry's actions constituted IIED." Id. at *10. *See also Wierzbicki v. City of Jersey City*, No. 19-17721, at *9 (D.N.J. Sept. 10, 2021) (dismissing assault and battery claims against a defendant officer where the second amended complaint contained no factual allegations about the officer's acts or offensive contact with the plaintiff).

Here, like in *Wagner*, even taking the very limited factual allegations in Plaintiff's Complaint as true, it is nonetheless clear that Plaintiff has failed to plead how Russo allegedly caused him emotional distress. Indeed, according to Plaintiff's Complaint, it is not even clear that Russo participated (in any capacity – supervisory or otherwise) in the underlying homicide investigation and subsequent trial and conviction because there are no factual allegation to that end. Said differently, there are simply no factual allegations suggesting, demonstrating, or showing how Russo's alleged actions caused Plaintiff emotional distress. *Id.* at 84-133.

Here, the Complaint contains no more than the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" found insufficient by the Supreme Court. *Iqbal*, 556 U.S at 678 (citing *Twombly*, 550 U.S. at 544). Accordingly,

18

Plaintiff's IIED claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Russo's motion to dismiss Plaintiff's Complaint with prejudice should be granted.

                              Respectfully submitted,

                              MATTHEW J. PLATKIN
                              ATTORNEY GENERAL OF NEW JERSEY

            By:    *s/Azeem M. Chaudry*_____
                      Azeem M. Chaudry, Esq.
                      Deputy Attorney General

Dated: September 19, 2025