# NITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DION MILLER | : | |
| Plaintiff | : | Civil Action No. 25-CV-1009 |
| v. | : | |
| | : | |
| | : | Hon. Claire C. Cecchi, U.S.D.J |
| | | Hon. Jose R. Almonte, U.S.M.J |
| | : | |
| | : | |
| SEAN MEANS, ET AL., | : | |
| Defendant(s) | | |

## PLAINTIFF'S APPLICATION TO COURT FOR ENTRY OF DEFAULT AGAINST DEFENDANT VINCENT DOHERTY

Under Federal Rule of Civil Procedure 55(a) and L.R. 55-1, Plaintiff Dion Miller applies to the court for entry of default judgment against Defendant Vincent Doherty. In support of this application, Plaintiff submits the concurrently filed Declaration of Elliot Slosar and states as follows:

1. Plaintiff filed this lawsuit on February 5, 2025, naming as defendants the City of Jersey City, Hudson County, and the Hudson County Prosecutor's Office, and several current and former employees of those municipalities. ECF No. 1.

2. At this juncture, every Defendant has been served: (1) A waiver of service was executed by Defendant Jersey City on February 7, 2025, ECF No. 4; (2) A waiver of service was executed by Defendant Disbrow on February 7, 2025, ECF No. 5; (3) A waiver of service was executed by Defendant Means on February 7, 2025, ECF No. 6; (4) Plaintiff served summons and a copy of the complaint on Defendant Hudson County on April 21, 2025, ECF No. 27; (5) A waiver of service was executed by Defendant Martin D'Angelo on April 29, 2025,

ECF No. 28; (6) Plaintiff served summons and a copy of the complaint on Defendant Mike Gelcian on May 7, 2025, ECF No. 34; and (7) Plaintiff served summons and a copy of the complaint on Defendant Charlie Russo on May 20, 2025. ECF No. 36.

3.  Critically for purposes of this motion, a waiver of service was executed by Defendant Vincent Doherty on May 1, 2025. ECF No. 31.

[Image of waiver of service form showing: 60 days from 4/16/2025; Date: 5/1/25; signed by Vincent Doherty; Lyndhurst, N.J. 07071; 627 Ten Eyck Ave; VJDoherty at Yahoo.com; 201-935-5032]

4.  Mr. Doherty was required to serve an answer or file a motion within 60 days of April 16, 2025. Fed. R. Civ. P. 4(d)

5.  It is now September 30, 2025 and Mr. Doherty has still not answered Plaintiff's Complaint nor filed any motion.

6.  On September 8, 2025, "for good cause shown," Defendant Doherty was granted a two-week extension to answer or otherwise respond to the Complaint by September 19, 2025. Dckt. 48. This Court further ordered that Defendant Doherty (and Sergeant Russo) shall either: (1) hire counsel to represent them or (2) advise as to their intentions to proceed pro se in this matter. In doing so, this Court remarked that it "has already provided sufficient time for the issues involving representation to be resolved. This matter will not be further delayed and must proceed expeditiously. Should Defendants fail to answer or respond by the operative deadline, Plaintiff shall move for entry of default judgment without delay." Dckt. 48.

7. In that same order, the Court ordered that by September 10, 2025, "Counsel for HCPO shall serve Defendants Captain Vincent Doherty and Sergeant Charlie Russo with a copy of this Order and provide a certificate of service on the docket confirming same." Dckt. 48.

8. On September 10, 2025, HCPO counsel filed a Certificate of Service regarding their notification efforts to Defendants Doherty and Russo. Dckt. 49. In that Certificate of service, HCPO counsel verified that Mr. Doherty was provided with this Court's September 8, 2025 Order (Dckt. 48):

> I hereby certify that on September 9, 2025, a verbatim copy of the Court's September 8, 2025 Text Order, *see* ECF No. 48, was transmitted to defendant Vincent Doherty in the form of a letter via electronic mail, regular mail, and certified mail, with a return receipt requested at the following address:
>
> Vincent Doherty
> 627 Eyck Avenue
> Lyndhurst, NJ 07071

9. The date for Defendant Doherty's answer to the complaint has passed, yet he has not answered, otherwise pled, sought an extension, or even communicated with Plaintiff.

10. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

11. Here, Defendant Doherty failed to plead or otherwise defend. Slosar Decl. ¶7.

12. This Defendant is therefore in default, and Plaintiff requests that the Court enter a default for him.

Dated: September 30, 2025                    Respectfully submitted,

                                                              **LOEVY & LOEVY**

                                                              By: /s/ Elliot Slosar_____

                                                                   Attorney for Plaintiff,
                                                                  Dion Miller