UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DION MILLER,<br><br>                                  Plaintiff,<br><br>v.<br><br>SEAN MEANS, MARTIN D'ANGELO, DET. CARMINE DISBROW, JERSEY CITY, MIKE GELCIAN (SUPERVISOR), SGT. CHARLIE RUSSO, HUDSON COUNTY,<br><br>                                Defendants. | CIVIL ACTION NO. 2:25-cv-01009 (CCC) (JRA) |

BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) ON BEHALF OF DEFENDANT HUDSON COUNTY.

                                              DURKIN & DURKIN, LLC
                                              GREGORY F. KOTCHICK
                                              **Attorney for Defendant Hudson County**
                                              1120 Bloomfield Avenue, P.O. Box 1289
                                              West Caldwell, New Jersey 07007
                                              (973) 244-9969
                                              gkotchick@durkinlawfirm.com

**On the Brief:**
**Gregory F. Kotchick, Esq.**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

THE LEGAL STANDARD ........................................................................................................... 1

    A. Failure to State a Claim Under Rule 12(b)(6) ..................................................................... 1

    B. Claims Under 42 U.S.C. § 1983 and N.J.S.A. 10:6-1 ......................................................... 2

LEGAL ARGUMENT .................................................................................................................... 3

    POINT I – Plaintiff's Claims Against the County Should Be Dismissed Because They Are Not Sufficiently Pled and Amount to Improper Group Pleadings Prohibited Under Fed. R. Civ. P. 8 ............................................................................................................... 3

    POINT II – Plaintiff's Conspiracy Claims Should Be Dismissed ............................................ 4

    POINT III – Plaintiff's Claims Under the Americans with Disabilities Act and Rehabilitation Act Should Be Dismissed ................................................................................... 5

    POINT IV – Plaintiff's Claims for Failure to Intervene Should Be Dismissed ....................... 8

    POINT V – Plaintiff's Claim Under the Doctrine of Respondeat Superior Should Be Dismissed .................................................................................................................................. 10

    POINT VI – Plaintiff's Claims for Intentional Infliction of Emotional Distress Should Be Dismissed .................................................................................................................................. 10

    POINT VII – Plaintiff's Claim for Punitive Damages Should Be Dismissed ....................... 11

    CONCLUSION ......................................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

Al Ayoubi v. City of Hackensack, 2011 U.S. Dist. LEXIS 148626 (D.N.J. Dec. 28, 2011) ...... 5

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................................................ 1, 2, 4

Bowers v. NCAA, 475 F.3d 524 (3d Cir. 2007) .......................................................................... 6

Catlett v. N.J. State Police, 2013 U.S. Dist. LEXIS 71237 (D.N.J. 2013) ................................. 2

C.G. v. Pennsylvania Dep't of Educ., 734 F.3d 229 (3d Cir. 2013) ........................................... 6

Chapman v. New Jersey, 2009 U.S. Dist. LEXIS 75720 (D.N.J. Aug. 25, 2009) ...................... 3

City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981) .................................................. 11

Downey v. The Coalition Against Rape & Abuse, Inc., 143 F. Supp. 2d 432 (D.N.J. 2001) .................................................................................................................................... 2

Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009) ........................................................ 2

Green v. City of Paterson, 971 F. Supp. 891 (D.N.J. 1997) ...................................................... 4

Gregory v. Chehi, 843 F.2d 111 (3d Cir. 1988) ....................................................................... 11

Haberle v. Troxell, 885 F.3d 171 (3d Cir. 2018) ............................................................... 6, 7, 8

Harlow v. Fitzgerald, 457 U.S. 800 (1982) ............................................................................... 9

Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289 (D.N.J. 2012) ............................................ 10

Ivan v. County of Middlesex, 595 F. Supp. 2d 425 (D.N.J. 2009) ............................................ 4

Japhet v. Francis E. Parker Mem'l Home, Inc., 2014 U.S. Dist. LEXIS 105134 (D.N.J. July 31, 2014) .......................................................................................................................... 3

James v. Superior Court of N.J., 2023 U.S. Dist. LEXIS 125061 (D.N.J. July 20, 2023) ........ 6

Monticciolo v. Robertson, 2017 U.S. Dist. LEXIS 167895 (D.N.J. Oct. 11, 2017) .................. 8

New Directions Treatment Servs. v. City of Reading, 490 F.3d 293 (3d Cir. 2007) ................. 6

Ogrod v. City of Philadelphia, 598 F. Supp. 3d 253 (E.D. Pa. 2022) ........................................ 9

Perez v. New Jersey, 2015 U.S. Dist. LEXIS 92504 (D.N.J. 2015) ........................................ 10

Petit v. New Jersey, 2011 U.S. Dist. LEXIS 35452 (D.N.J. 2011) ............................................ 2

Rinehimer v. Cemcolift, 292 F.3d 375 (3d Cir. 2002) ...........................................................6

Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162 (3d Cir. 1989).......................................4

Smith v. Mensinger, 93 F.3d 641 (3d Cir. 2002) ...................................................................8

Smith v. Wade, 461 U.S. 30 (1983) .....................................................................................12

Taylor v. Union Cnty. Corr. Facility, 2016 U.S. Dist. LEXIS 10974 (D.N.J. Jan. 29, 2016)....................................................................................................................................10

Thorpe v. City of Philadelphia, 2020 U.S. Dist. LEXIS 158682 (E.D. Pa. Sept. 1, 2020)..........9

Weber v. Don Longo, Inc., 2018 U.S. Dist. LEXIS 34313 (D.N.J. 2018) ...........................10

Whichard v. Willingboro Twp., 2015 U.S. Dist. LEXIS 112961 (D.N.J. Aug. 26, 2015) .......12

Williams v. Healy, 2012 U.S. Dist. LEXIS 92896 (D.N.J. July 5, 2012) .........................8, 9

Zuniga v. Am. Home Mortgage, 2016 U.S. Dist. LEXIS (D.N.J. Nov. 8, 2016)..................3

**Federal Rules**

Fed. R. Civ. P. 8, ................................................................................................................1, 3

Fed. R. Civ. P. 12(b)(6), .....................................................................................................1, 2

**Federal Statutes**

42 U.S.C. § 1983, ...........................................................................................2, 3, 4, 9, 10, 11

**New Jersey Statutes**

N.J.S.A. 59:9-2(c), ...............................................................................................................11

N.J.S.A. 59:3-3, ....................................................................................................................11

**PRELIMINARY STATEMENT**

This brief is respectfully submitted in support of the motion to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on behalf of the defendant Hudson County (hereinafter "the County").

Plaintiff alleges that the County engaged in a conspiracy to coerce him into making a false confession which resulted in a wrongful conviction for which Plaintiff served 20 years in prison for. Plaintiff has asserted numerous civil rights violations against the County due to his wrongful conviction.

For the reasons set forth herein, the Complaint lacks the requisite factual underpinnings necessary to assert actionable claims required by Ashcroft v. Iqbal. For example, Plaintiff's Complaint fails to identify *specific* unlawful policies and fails to provide sufficient facts showing that the County failed in providing sufficient training and supervision that resulted in violating his civil rights. Plaintiff also cannot satisfy the elements under the Rehabilitation and Americans with Disabilities Acts. Moreover, Plaintiff's conclusory assertions fail to show that his confession was coerced or that his rights were violated.

Contrary to Fed. R. Civ. P. 8, Plaintiff engaged in group pleading and repeatedly states that the acts of all defendants in each Count violated Plaintiff's rights. However, Plaintiff does not specify particular acts of misconduct committed by the County. Accordingly, the claims against the County should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**THE LEGAL STANDARD**

**A. Failure to State a Claim Under Rule 12(b)(6).**

1

Fed. R. Civ. P. 12(b)(6) permits Courts to dismiss actions for failure to state a claim. Courts must "construe the Complaint in the light most favorable to the plaintiff," and determine whether the plaintiff is entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). "To determine if a Complaint meets the pleading standard, the Court must strip away conclusory statements and look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Catlett v. N.J. State Police, 2013 U.S. Dist. LEXIS 71237 *7 (D.N.J. 2013).

A pleading requires more than an "unadorned, the-defendant unlawfully- harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Here, when accepting Plaintiff's allegations to be true, the Complaint does not plead specific facts in accordance with the Iqbal standard to support the claims asserted. Rather, the Complaint contains bald, conclusory assertions thereby warranting the dismissal of Plaintiff's claims as to the County.

### B. Claims Under 42 U.S.C. 1983 and N.J.S.A. 10:6-1.

To establish a claim under 42 U.S.C. 1983 and the New Jersey Civil Rights Act (N.J.S.A. 10:6-1, et seq.) (the "NJCRA"), a plaintiff must show the defendant's conduct deprived them of their rights, privileges, or immunities secured by the Constitution or laws of the United States or New Jersey. Pettit v. New Jersey, 2011 U.S. Dist. LEXIS 35452 **11-12 (D.N.J. 2011). A plaintiff must "identify the exact contours of the underlying right …violated." Downey v. The Coalition Against Rape and Abuse, Inc., 143 F. Supp. 2d 423, 437 (D.N.J. 2001). Courts construe the NJCRA

2

in terms that are analogous to §1983. Chapman v. New Jersey, 2009 U.S. Dist. LEXIS 75720 *7 (D.N.J. August 25, 2009). Thus, all claims under the NJCRA and Section 1983 should be assessed under the same standard and dismissed for the same reasons stated herein.

## LEGAL ARGUMENT[1]

### POINT I

### PLAINTIFF'S CLAIMS AGAINST THE COUNTY SHOULD BE DISMISSED BECAUSE THEY ARE NOT SUFFICIENTLY PLED AND AMOUNT TO IMPROPER GROUP PLEADINGS PROHIBITED UNDER FED. R. CIV. P. 8

Fed. R. Civ. P. 8(a) requires plaintiffs to "specify which defendants performed which acts." Zuniga v. Amer. Home Mortgage, 2016 U.S. Dist. LEXIS 155256 at **13-14 (D.N.J. November 8, 2016). This obligation is not satisfied "where a Complaint provide[s] only conclusory allegations against Defendants as a group." Id. Moreover, "Rule 8 is not satisfied where a Complaint lumped all Defendants together, failing to put Defendants on notice of their own alleged wrongdoing" Id. (citations omitted.) "Group pleading" of this nature "injects an inherently speculative nature into the pleadings, forcing both the Defendants and the Court to guess who did what to whom when." Japhet v. Francis E. Parker Mem'l Home, Inc., 2014 U.S. Dist. LEXIS 105134, at **6-7 (D.N.J. July 31, 2014). "Such speculation is anathema to contemporary pleading standards." Id.

Plaintiff's Complaint only specifically references the County in three (3) (Counts VIII, IX & X) out of a total of eleven counts. However, the Complaint improperly groups the County into five (5) counts of the Complaint (Counts I, III, V, VI, and XI) by pleading "All Defendants" contrary to Fed. R. Civ. P. 8(a). Nowhere in the aforementioned five counts pled as to "All

---

[1] All references, citations, and quotes from the Plaintiff's Complaint are only for purposes of this motion and do not constitute an admission to any allegation or claim.

3

Defendants" is the County even specifically mentioned, let alone any specific allegations of misconduct as is required.

Moreover, the three counts of the Complaint that do name the County are conclusory assertions that are not supported by facts in contrast to Iqbal. Counts VIII and IX, which allege that the County violated the Americans With Disabilities Act and the Rehabilitation Act of 1973, respectively, merely state conclusory allegations that the County failed to take steps to provide "necessary accommodations" to accommodate Plaintiff's disability, which the Complaint alleges – without evidence- that the County was aware of. Complaint at ¶¶215-219 and ¶¶224-227. While the Complaint is viewed in the light favorable to the Plaintiff, specific facts must still be asserted to establish a cause of action. Plaintiff's broad conclusory assertions and grouping of the County with all other defendants constitutes improper group pleading. Accordingly, Plaintiff has failed to state a cause of action against the County and the claims against them should be dismissed without prejudice.

## POINT II

## PLAINTIFF'S CONSPIRACY CLAIMS SHOULD BE DISMISSED

To prove conspiracy under §1983, plaintiff must show "two or more conspirators reached an agreement to deprive [a person] of a constitutional right under color of state law." Green v. City of Paterson, 971 F. Supp. 891, 908-909 (D.N.J. 1997). Plaintiff must establish an actual violation of a right protected under §1983 and "actions taken in concert by the defendants with the specific intent to violate the … right." Ivan v. County of Middlesex, 595 F. Supp. 2d 425, 483 (D.N.J. 2009).

A plaintiff must show, "the period [and] object of the conspiracy" together with the actions of the conspirators taken to achieve that purpose. Ivan at 483 citing Shearin v. E.F. Hutton

4

Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989). There must be a meeting of the minds among the defendants and an agreement of "a single plan, the essential nature and general scope which [was] known to each person to be held responsible for its consequences." Ivan at 484. Plaintiff must give facts from which a conspiratorial agreement can be inferred. Al-Ayoubi v. City of Hackensack, 2011 U.S. Dist. LEXIS 148626 *26 (D.N.J. December 28, 2011).

Here, Count VI of the Complaint simply states "the defendants reached an agreement amongst themselves to frame [the Plaintiff] … and acted in concert with other unknown co-conspirators" thereby causing a deprivation of Plaintiff's rights. Complaint at ¶¶195-199. Other than Plaintiff's conclusory assertions, there are no specific facts describing the conduct of the County to support this cause of action.

There is no way to decipher the conduct allegedly undertaken by the County that supports this claim. Plaintiff did not describe any communications among the County and other defendants to show a meeting of the minds to establish an agreement. There are no facts showing the existence of an agreement among them. Nothing in the Complaint alleged what was discussed or agreed to by the County. Also absent are facts identifying a specific right the County conspired to violate. The allegation merely amounts to speculation.

Plaintiff simply engaged in impermissible group pleading without describing the conduct of the County to support his claim. Plaintiff cannot prove his claim for conspiracy. Accordingly, this claim should be dismissed.

**POINT III**

**PLAINTIFF'S CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT SHOULD BE DISMISSED**

5

To state a claim for discrimination under the Americans with Disabilities Acts ("ADA") or the Rehabilitation Act ("RA"), Plaintiff "must demonstrate: (1) he is a qualified individual; (2) with a disability; (3) [who] was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." James v Superior Court of N.J., 2023 U.S. Dist. LEXIS 125601, *9 (D.N.J. July 20, 2023) citing Haberle v. Troxell, 885 F.3d 171, 178-179 (3d Cir. 2018) (quoting Bowers v. NCAA, 475 F.3d 524, 553 n.32 (3d Cir. 2007)). Courts apply the same analysis for claims under the ADA and RA. New Directions Treatment Servs. v. City of Reading, 490 F.3d 293, 302 (3d Cir. 2007).

Plaintiff must show that they have "(A) a physical or mental impairment that substantially limits one or more major life activities...; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). A Plaintiff must also show that the defendant knew that the Plaintiff was disabled. Rinehimer v. Cemcolift, 292 F.3d 375, 380-381 (3d. Cir. 2002).

Additionally, Plaintiff must demonstrate they were treated differently because of their disability. CG v. Pennsylvania Dep't of Educ, 734 F.3d 229, 236 (3d Cir. 2013). "Plaintiffs must show they have been deprived of a benefit or opportunity provided to non-disabled [persons] … because of their disability."

When viewing the facts in the light most favorable to the Plaintiff, the claims under the ADA and RA should be dismissed. Plaintiff was not diagnosed with a specific disability. The Complaint simply proffers vague, conclusory statements that Plaintiff was exhausted, intoxicated and had a low IQ along with intellectual deficits. Complaint at ¶¶7-11, 72-89. Plaintiff also asserts

6

the officers knew or should have known Plaintiff had a low IQ. Id. There are no facts to support these allegations, namely, that the County should have known Plaintiff was disabled.

Intoxication is not a disability. Other than conclusory assertions that Plaintiff was tired, nothing in the Complaint shows that Plaintiff had a low IQ or any intellectual impairment, nor that such alleged low IQ and intellectual impairment was known or apparent to anyone at the time of interrogation. Plaintiff failed to establish that he suffered from any specific impairment impacting his ability to perform a major life activity at the time of his interrogation. There are no facts showing that the County knew or should have known Plaintiff was disabled. Indeed, Plaintiff did not tell the law enforcement officers that he was disabled.

Further, Plaintiff did not identify any public service, program, or activity that he was denied by the County. Nothing in the Complaint states Plaintiff requested any such accommodation. Although Plaintiff claims that he should have been accommodated with a lawyer or family member, this is a constitutional right for him to exercise – there is nothing in the Complaint stating he asked for a lawyer or that the County caused him to be deprived of this right. Complaint at ¶80.

Even assuming the responding and interrogating officers knew about his disability, there are no facts in the Complaint showing that the acts of the officers were undertaken because of his disability. In other words, assuming arguendo, the County failed to provide the appropriate services, there are no allegations demonstrating that the absence of such services took place because Plaintiff was disabled. Furthermore, there are no allegations of other similarly situated non-disabled persons who received the services Plaintiff contends was not given to him.

Claims for compensation under the ADA also require proof of intentional acts to discriminate. Haberle at 181. "To prove intentional discrimination, an ADA claimant must prove

7

at least deliberate indifference [by alleging] "(1) knowledge that a federally protected right is substantially likely to be violated... and (2) failure to act despite that knowledge." Id.

Here, Plaintiff's claims under the ADA and RA for compensation fail because there are no specific facts showing the County intentionally deprived Plaintiff of any services or rights due to his disability. The Complaint is also devoid of facts of prior similar situations so as to put the County on notice. Vague general assertions are not sufficient to set forth a cause of action under the ADA or RA.

Plaintiff failed to allege facts showing the County intentionally discriminated against him because of his disability. There are no specific allegations demonstrating deliberate indifference to accommodate Plaintiff or other similarly situated disabled individuals. Thus, the Claims under the ADA and RA against the County should be dismissed.

## POINT IV

## PLAINTIFF'S CLAIMS FOR FAILURE TO INTERVENE SHOULD BE DISMISSED

To prove a claim for failure to intervene, Plaintiff must show the officer "(1) observed or had knowledge that a constitutional violation was taking place, yet failed to intervene; and (2) had a reasonable and realistic opportunity to intervene." Monticciolo v. Robertson, 2017 U.S. Dist. LEXIS 167895, *55 (D.N.J. Oct. 11, 2017); see, Smith v. Mensinger, 293 F.3d 641, 650-651 (3d Cir. 2002). As such, a police officer must have a reason to know that a constitutional violation, such as excessive force, was being used. Id. A claim for failure to intervene is generally applicable to circumstances involving excessive force.

To succeed on a claim for failure to intervene, Plaintiff must overcome the hurdle of qualified immunity. Williams v. Healy, 2012 U.S. Dist. LEXIS 92896 *44 (D.N.J. July 5, 2012) (plaintiff failed to identify which rights were violated and did not provide facts to support the claim

8

for failure to intervene). An officer "cannot be held liable in damages for failure to intercede unless such failure permitted fellow officers to violate a suspect's clearly established statutory or constitutional rights of which a reasonable person would have known." Williams at *44 citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In Thorpe v. City of Philadelphia, 2020 U.S. Dist. LEXIS 158682 (E.D. Pa. Sept. 1, 2020), the Court concluded that police officers were entitled to qualified immunity where the officers were accused of failing to intervene in another officer's fabrication and withholding of evidence in violation of §1983. Id. at **29-32. In other words, the Court determined that it would not have been clear to the reasonable officer to understand that failing to intervene in a circumstance where another officer fabricated and withheld evidence amounts to a violation of the Plaintiff's constitutional rights. Id.; see, Ogrod v. City of Philadelphia, 598 F. Supp. 3d 253, 272-273 (E.D. Pa. 2022).

Likewise, here, there is no basis to conclude that a reasonable officer would have known that the interrogation violated Plaintiff's rights. Thus, there is no basis to conclude that another officer should have intervened and terminated the interrogation. Plaintiff alleges that Captain Dougherty failed to take "steps to stop Defendants' violation of Plaintiff's constitutional rights…" Complaint at ¶¶ 119. However, as Count V itself makes clear, Captain Dougherty was not present at the allegedly coerced interrogation, and could not have intervened then. Plaintiff seems to imply in Count V that Dougherty should have intervened or stopped the interrogation after the fact. The reasonable officer would not have concluded that the interrogation amounted to a violation of Plaintiff's rights so as to intervene, especially having not been present during said interrogation. Thus, Plaintiff failed to assert a claim for failure to intervene.

9

**POINT V**

**PLAINTIFF'S CLAIM UNDER THE DOCTRINE OF RESPONDEAT SUPERIOR SHOULD BE DISMISSED**

"A municipality cannot be held liable solely because it employs a tortfeasor or, in other words, a municipality cannot be held liable under §1983 on a respondeat superior theory." Taylor v. Union Cnty. Corr. Facility, 2016 U.S. Dist. LEXIS 10974 *2 (D.N.J. January 29, 2016); see Monell at 690-691 (1978) (Municipality cannot be liable under §1983 for the acts of its employees on the basis of the doctrine of respondeat).

"[B]ecause respondeat superior liability is not permitted under §1983, and because New Jersey courts interpret the [New Jersey Civil Rights Act] as analogous to §1983 … respondeat superior liability is not permitted for claims under the New Jersey Constitution and the NJCRA." Perez v. New Jersey, 2015 U.S. Dist. LEXIS 92504 *21 (D.N.J. 2015) citing Ingram v. Twp. of Deptford, 911 F. Supp. 2d 289, 298 (D.N.J. 2012). Accordingly, because the County cannot be liable under the theory of Respondeat Superior, this claim should be dismissed with prejudice.

**POINT VI**

**PLAINTIFF'S CLAIMS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS SHOULD BE DISMISSED**

To establish intentional infliction of emotional distress ("IIED"), a plaintiff must show "(1) that Defendants acted intentionally or recklessly, both in doing the act and in producing emotional distress; (2) that Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all bounds of decency; (3) that Defendants' actions were the proximate cause of the emotional distress; and (4) that the emotional distress suffered was so severe that no reasonable person could be expected to endure it." Weber v. Don Longo, Inc., 2018 U.S. Dist. LEXIS 34313

*44 (D.N.J. 2018). As discussed herein, the acts of the defendants were not so outrageous to go beyond all bounds of decency thereby warranting dismissal of the claim for IIED.

Public employees (i.e. law enforcement officers) will not be held liable for their actions if they "act in good faith in the execution or enforcement of any law." N.J.S.A. 59:3-3. The law enforcement officers acted in good faith. There is no dispute that the officers performed their police duties to interrogate a suspect. Absent from the Complaint are specific facts demonstrating that the conduct of Captain Dougherty, Sgt. Heaney, or any other County employee was intentional or outrageous. Consequently, the County is immune from liability under N.J.S.A. 59:3-3 for Plaintiff's claim of IIED.

## POINT VII
## PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES SHOULD BE DISMISSED

Municipalities are immune from punitive damages under 42 U.S.C. 1983. City of Newport v. Fact Concepts, Inc., 453 U.S. 247, 271 (1981). In Newport, the Supreme Court found that public policy considerations do not support imposing punitive damages on municipalities, due to the risk of creating "a serious risk to the financial integrity of these governmental entities." Id. at 270-271. Here, the same public policy considerations apply to the County, which is a governmental entity subdivision of the State which cannot be exposed to the risk of damaging its financial integrity by being subject to punitive damages. Moreover, "no punitive or exemplary damages shall be awarded against a public entity." N.J.S.A. 59:9-2(c). Government officials are immune from liability for punitive damages when sued in their official capacity. Gregory v. Chehi, 843 F.2d 111, 119-120 (3d Cir. 1988).

Reckless or callous indifference toward the rights of others may support a claim for punitive damages. Whichard v. Willingboro Twp., 2015 U.S. Dist. LEXIS 112961 *34 (D.N.J.

August 26, 2015) citing <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983). Here, there is no basis for punitive damages because there are no allegations that the County or its employee's conduct was reckless, evil-minded, or a callous indifference as to Plaintiff's rights. Plaintiff has only asserted bald, conclusory statements that do not support any claims. Thus, the claim for punitive damages should be dismissed.

## CONCLUSION

For the reasons set forth herein, it is respectfully requested that the County's motion to dismiss be granted in its entirety and the claims against it be dismissed.

          **DURKIN & DURKIN, LLC**
          Attorney for Defendant
          Hudson County

By: /s/ *Gregory F. Kotchick*
      Gregory F. Kotchick

Dated: October 20, 2025