UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DION MILLER,<br><br>   Plaintiff,<br><br>  v.<br><br>SEAN MEANS, ET AL.,<br><br>   Defendants. | Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Jose R. Almonte, U.S.M.J.<br><br>Docket No. Civ. No. 2:25-cv-01009<br><br>Civil Action |

_____

**BRIEF IN SUPPORT OF DEFENDANT VINCENT DOHERTY'S
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
_____

            MATTHEW J. PLATKIN
            ATTORNEY GENERAL OF NEW JERSEY
            R.J. Hughes Justice Complex
            25 Market Street | P.O. Box 112
            Trenton, New Jersey 08625-0112
             *Attorney for Defendants Hudson County*
             *Prosecutor's Office, Michael Gelchion,*
             *Charles Russo, and Vincent Doherty*

By: Azeem M. Chaudry, Esq.
   Deputy Attorney General
   (609) 696 – 5161
   azeem.chaudry@law.njoag.gov

## **PRELIMINARY STATEMENT**

Plaintiff, Dion Miller, filed a complaint alleging that his constitutional rights were violated by the Defendant. Captain Vincent Doherty. stemming from Plaintiff's 2003 homicide conviction and subsequent exoneration. Plaintiff's claims against Doherty asserting conspiracy to deprive his constitutional rights under § 1983, (Count VI) and intentional infliction of emotional distress under state law (Count XI), should be dismissed because Plaintiff fails to plead sufficient facts in his Complaint as a matter of law.

First, to the extent that Plaintiff asserts civil rights claims against Doherty in his official capacity, such should be dismissed because Doherty, in his official capacity, is not a "person" amenable to suit under Section 1983. Second, the Court should respectfully dismiss Plaintiff's conspiracy claims because the record is devoid of any actual or specific facts or allegations establishing an agreement, understanding, or meeting of the minds of any defendants with respect to the alleged violations of his civil rights. Finally, Plaintiff's state common law claim of intentional infliction of emotional distress should be dismissed because he fails to state a claim against Doherty.

Accordingly, for these reasons, the Court should dismiss Counts V and XI in Plaintiff's Complaint.

# **PROCEDURAL HISTORY AND STATEMENT OF FACTS**[1]

This matter stems from Plaintiff's 2006 homicide conviction. The facts relevant taken as true only for purposes of this motion as to Defendant Doherty are as follows.

### A. Background

At approximately 8:00 p.m. on January 5, 2003, Romeo Cavero was attacked and robbed near his residence in Jersey City. *See* ECF No. 1 Plaintiff's Complaint ("Compl.") ¶ 35. Mr. Cavero was robbed and struck on the head multiple times by his attacker. *Id.* at 36. The attack did not immediately kill Mr. Cavero, who was able to return back to his apartment and call members of his family. *Id.* at 37.

Around thirty minutes later, Plaintiff was visiting his grandmother who lived in the same apartment building as Mr. Cavero. *Id.* at 39-46. After Plaintiff noticed blood on the floor near his grandmother's apartment, he checked on his grandmother who was not bleeding, and subsequently followed the trial of blood to Mr. Cavero's apartment and knocked on his door. *Id.* Plaintiff who had a friendly relationship with Mr. Cavero noticed he was injured, and call emergency services. *See* Compl. ¶¶ 42-50. Mr. Cavero's family also arrived on the scene. *Id.*

While waiting for emergency services, Mr. Cavero told his family member and Plaintiff that he was attacked by an unidentified black male driving a small black vehicle. *Id.* at 54-57. Once emergency services arrived, Mr. Cavero told the responding patrol

---

[1] These sections are combined for the Court's convenience.

officer that his assailant was an unidentified medium build black male. *Id.* Sadly, Mr. Cavero succumbed to his injuries at the hospital and died on January 9, 2003. *Id.* at 68.

### B. The Investigation

The next day, on January 6, 2003, Plaintiff was taken to the Jersey City Police Department to be questioned by detectives. *Id.* During the questioning, Plaintiff who is cognitively disabled alleges that he was psychologically coerced for seventeen (17) hours that resulted in a false confession. *Id.* at 84-109. Plaintiff claims that "Defendants Means and Di'Angelo – at the behest of other Defendants – used intimidation and manipulation to obtain a false and involuntary confession from Mr. Miller." *Id.* at ¶¶ 6-7. Plaintiff later alleges that the New Jersey Attorney General that Conviction Review Unit ("CRU") later "found that 'the only evidence tying Mr. Miller to the commission of this crime were three false confessions elicited by members of the Jersey City Police Department and the Hudson County Prosecutor's Office during that [seventeen-]hour period." *Id.* at ¶ 21.

### C. Allegations Against Doherty

Plaintiff claims that "Doherty join[ed the] conspiracy to frame [him]" *Id.* at ¶ 109. Plaintiff specifically alleges that Doherty "did so by enabling and encouraging the fabrication of false evidence, withholding of exculpatory evidence, the initiation of charges without probable cause, and through retaliation against Sgt. Heaney." *Id.* at ¶ 120.

4

Plaintiff maintains that Doherty threatened Sgt. Heaney with loss of employment if "Sgt. Heaney sought to develop additional evidence implicating alternate suspects[.]" *Id.* at ¶ 121. Plaintiff further alleges that "Defendants subsequently learned of exculpatory evidence implicating two other individuals (who had approximately 10 felony convictions) in robberies and violent attacks mirroring what happened to the victim in this case." *Id.* at ¶ 123. Plaintiff concludes that "[a]s Captain, Defendant Doherty joined Defendants' efforts to conceal exculpatory evidence, conceal the fabrication of false evidence, and retaliation against Sgt. Heaney." *Id.* at ¶ 125. Miller alleges that this conduct was "part of Defendants' larger scheme to secure Plaintiff's wrongful conviction and violate his constitutional rights." *Id.*

### D. Plaintiff is Exonerated

In 2023, the Office of the New Jersey Attorney General's Office of Public Integrity and Accountability ("OPIA") reinvestigated Plaintiff 2003 investigation and subsequent conviction, and ultimately petitioned the state courts that Plaintiff's conviction be overturned. *Id.* at 134-138. Plaintiff conviction was granted a new trial and is no longer in prison. *Id.*

### E. This Lawsuit

On February 25, 2025, Plaintiff filed a Complaint against Doherty, among many other defendants[2] alleging the following: violation of Plaintiff's due process under §

---

[2] For purposes of clarity, we only recount the specific counts alleged against Doherty.

1983, (Count I); deprivation of liberty without probable cause in violation of Fourth and Fourteenth Amendments under § 1983, (Count III); Supervisory Liability claims under § 1983 only raised against Doherty, (Count IV); failure to intervene under § 1983, (Count V); conspiracy to deprive constitutional rights under § 1983, (Count VI) and; intentional infliction of emotional distress under state law (Count XI). *See* Compl. ¶¶ 166-232.

In addition to all official capacity claims, Doherty now moves for dismissal of Plaintiff's Complaint asserting conspiracy to deprive his constitutional rights under § 1983, (Count VI) and intentional infliction of emotional distress under state law (Count XI), against Doherty.

## **STANDARD OF REVIEW**

In lieu of filing an answer to a complaint, a defendant may file a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6); *Melo v. Hafer*, 13 F.3d 736, 744 (3d Cir. 1994) (holding that a motion asserting judicial immunity is brought under Rule 12(b)(c)). To survive a motion to dismiss under this Rule, a complaint must state more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* And, "[n]or does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

6

Under the *Iqbal/Twombly* pleading framework, a district court should undertake a three-prong analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court should "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* Next, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.*; *Twombly*, 550 U.S. at 555 (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative level"). Finally, when a plaintiff's complaint contains "well-pleaded factual allegations," the allegations should be presumed veracious, and the court should ascertain whether they "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563. This finding requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct[.]" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## ARGUMENT

## POINT I[3]

### DOHERTY, IN HIS OFFICIAL CAPACITY, IS NOT CONSIDERED A 'PERSON' WITHIN THE MEANING OF 42 U.S.C. § 1983.

While Plaintiff's Complaint against fails to specify claims against Doherty in his official or individual capacity, out of an abundance of caution, this Court should dismiss Plaintiff's claims against Doherty in his official capacity because Doherty is entitled to Eleventh Amendment Immunity, and is not a "person" amenable to suit under 42 U.S.C. § 1983.

It is well-established that a federal cause of action cannot be maintained against either a state or an agency of that state. *See Alabama v. Pugh*, 438 U.S. 781 (1987). The prohibition against naming a state or state agency as a party in a federal suit derives from the Eleventh Amendment, which provides: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state." U.S. Const., Amend. XI. The amendment precludes federal jurisdiction over a state absent

---

[3] For the convenience of the Court and to avoid piecemeal moving papers, we rely and reference the legal argument presented in *Point I* of Defendants HCPO and Michael Gelchion, *see* ECF No. 48, arguing that the HCPO is an arm of the State by applying the *Fitchik* factors, and as such, necessitating the legal conclusion that Russo in his official capacity is suit against the State.

8

the state's consent to suit. *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).

The immunity from suit extends to "agencies or Department[s]" of the state as well. *Id.* at 101-102. The state is considered the real party in interest in two circumstances: whenever "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *College Savings Bank v. United States of America*, 948 F. Supp. 400, 409 (D.N.J. 1996) (quoting *Pennhurst*, 465 U.S. at 101 n.11). A state's sovereign immunity can be invoked even where the suit is against a state agency, official or employee. *Pennhurst*, 465 U.S. 89.

Additionally, officials acting in their official capacities are not "persons" under Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). This is because

> a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself. And the same must be said of a directive to an official in his or her official capacity.
>
> [*Printz v. United States*, 521 U.S. 898, 930–31 (1997) (quoting *Will*, 491 U.S. at 71).]

Here, Doherty in his official capacity, is an extension of the State itself, and is therefore, unquestionably entitled to Eleventh Amendment Immunity. *Printz*, 521 U.S.

9

at 930–31 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

Moreover, Doherty, in his official capacity, is not a "person" amenable to suit under Section 1983. To be liable within the meaning of Section 1983, a defendant must be a "person." *Will*, 491 U.S. at 71 (establishing that states, officials acting in their official capacities, and arms of the state are not persons amenable to suit under Section 1983).

Here, assuming Plaintiff has alleged constitutional claims against Doherty in his official capacity, seeking monetary relief, *see* ECF No. 1, all of Plaintiff's claims against should be dismissed against the Doherty in his official capacity, with prejudice.

## POINT II

### PLAINTIFF'S CONSPIRACY CLAIM (COUNT V) SHOULD BE DISMISSED IN ITS ENTIRETY FOR FAILURE TO PLEAD A PRIMA FACIE CASE.

In a claim for conspiracy under § 1983, "a plaintiff must prove that persons acting under color of state law reached an understanding to deprive him of his constitutional rights." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 293-294 (3d Cir. 2018). There are four elements which Plaintiff must establish:

> (1) two or more persons conspire to deprive any person of constitutional rights; (2) one or more of the conspirators performs . . . any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States, with the added gloss under § 1983 that the conspirators act under the color of state law.

> [*Id.* at n. 15 (cleaned up). The elements are the same for a conspiracy claim under § 1985. *See Gross-Quatrone v. Mizdol*, 811 F. App'x 95, 100 (3d Cir. 2020) (citing *Jutrowski*, 904 F.3d at 294).

Within the framework of a Section 1983 claim, a plaintiff must plead a deprivation of a constitutional right, and that the deprivation was caused by a person acting under the color of state law. *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). Furthermore, in any civil rights action, a plaintiff must establish that the defendant had "personal involvement in the alleged wrongs," which "can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003). The allegations "must be made with appropriate particularity." *Id.*

Here, Plaintiff's Complaint is devoid of any actual or specific facts or allegations establishing an agreement, understanding, or meeting of the minds of any defendants with respect to the alleged violations of his civil rights. Plaintiff only proffers bald factual allegations and legal conclusion, claiming that "As Captain, Defendant Doherty joined Defendants' efforts to conceal exculpatory evidence, conceal the fabrication of false evidence, and retaliation against Sgt. Heaney." *Id.* at ¶ 125. Plaintiff alleges that this conduct was "part of Defendants' larger scheme to secure Plaintiff's wrongful conviction and violate his constitutional rights." *Id.* Suffice it to say, Plaintiff fails to plead sufficient facts demonstrating "two or more persons conspire to deprive any person of constitutional rights" because there are no facts plead showing that Doherty

11

engaged in any meeting of the minds or agreement with any other defendants. Based on the foregoing, the Court should dismiss Plaintiff's conspiracy claims.

### POINT III

### THIS COURT SHOULD DISMISS PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS TORT CLAIM (COUNT XI BECAUSE PLAINTIFF FAILS TO PLEAD SUFFICIENT FACTUAL ALLEGATIONS.

Plaintiff fails to allege any facts suggesting Doherty is liable for intentional infliction of emotional distress ("IIED").

A well-pled claim of intentional infliction of emotional distress requires the following elements: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme or outrageous; (3) the conduct proximately caused Plaintiff emotional distress; and (4) Plaintiff's emotional distress was severe. *See Hill v. New Jersey Dept. of Corrections Com'r Fauver*, 776 A.2d 828, 841 (N.J. Super. App. Div. 2001), *certif. denied*, 793 A.2d 717 (N.J. 2002).

In order to qualify as "extreme and outrageous," the defendant's conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id.* at 842 (quoting *Buckley v. Trenton Saving Fund Soc.*, 544 A.2d 857, 863 (N.J. 1988)).

In order for a plaintiff's distress to meet the severity requirement, it must be "'so severe that no reasonable person could be expected to endure it.'" *Hill*, 776 A.2d at 842

(quoting *Buckley*, 544 A.2d at 863). Here, Plaintiff's Complaint does not assert any factual allegations against Doherty that would reasonably meet the severity standard for a IIED claim. *Id.* By way of example, in *Wagner v. City of Newark*, No. 23-731, (D.N.J. Feb. 27, 2025), this Court dismissed the plaintiff's amended complaint's IIED allegation against a named defendant "[b]ecause the Amended Complaint d[id] not set out how Defendant Henry's actions constituted IIED." Id. at *10. *See also Wierzbicki v. City of Jersey City*, No. 19-17721, at *9 (D.N.J. Sept. 10, 2021) (dismissing assault and battery claims against a defendant officer where the second amended complaint contained no factual allegations about the officer's acts or offensive contact with the plaintiff).

Taking the factual allegations as true in Plaintiff's Complaint, because Doherty did not participate in any personal capacity in Plaintiff's custodial interrogation, and subsequent trial and conviction, there are no factual allegations, remotely suggesting that Doherty's actions constituted an IIED against Plaintiff. *Id.* at 84-133. Put differently, there are no factual allegations suggesting that Doherty maintained any contact with Plaintiff during the underlying investigation.

Accordingly, Count XI in Plaintiff's Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should grant Doherty's partial motion to dismiss Counts V and XI in Plaintiff's Complaint with prejudice.

        Respectfully submitted,

        MATTHEW J. PLATKIN
        ATTORNEY GENERAL OF NEW JERSEY

By:    *s/ Azeem M. Chaudry*
       Azeem M. Chaudry, Esq.
       Deputy Attorney General

Dated: October 27, 2025