UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DION MILLER,** <br><br> Plaintiff, <br><br> v. <br><br> **SEAN MEANS, MARTIN D'ANGELO, DET. CARMINE DISBROW, JERSEY CITY, MIKE GELCIAN (SUPERVISOR), SGT. CHARLIE RUSSO, HUDSON COUNTY,** <br><br> Defendants. | **CIVIL ACTION NO. 2:25-cv-01009 (CCC) (JRA)** |

BRIEF IN SUPPORT OF OPPOSITION TO PLAINTIFF'S CONSOLIDATED RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS

 

**DURKIN & DURKIN, LLC**
**GREGORY F. KOTCHICK**
**Attorney for Defendant Hudson County**
**1120 Bloomfield Avenue, P.O. Box 1289**
**West Caldwell, New Jersey 07007**
**(973) 244-9969**
**gkotchick@durkinlawfirm.com**

**On the Brief:**
**Gregory F. Kotchick, Esq.**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

LEGAL ARGUMENT ........................................................................................................................ 1

    POINT I – Plaintiff Disclaims Certain Claims as to Hudson County. The County Preserves its Motion to Dismiss ................................................................................................ 1

    POINT II – Plaintiff Does Not Allege Hudson County-Specific Conduct as to Counts I and II and Instead Relies On Improper Group Pleadings .......................................................... 1

    POINT III – Plaintiff Was Not Denied Any "Service, program or Activity" by Defendant Hudson County During Custodial Interrogation and Cannot Establish Deliberate Indifference ................................................................................................................ 2

    POINT IV – Plaintiff Has Not Sufficiently Pled Violation of the Rehabilitation Act by Defendant Hudson County ................................................................................................... 6

CONCLUSION ................................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

Bowers v. NCAA, 475 F.3d 524 (3d Cir. 2007)...........................................................................3

C.G. v. Pennsylvania Dep't of Educ., 734 F.3d 229 (3d Cir. 2013) .......................................... 6,7

Douris v. New Jersey, 500 Fed.Appx. 98 (3d Cir. 2012) 2012 WL 4503272............................3

Haberle v. Troxell, 885 F.3d 171 (3d Cir. 2018).................................................................. 3, 4, 5

James v. Superior Court of N.J., 2023 U.S. Dist. LEXIS 125061 (D.N.J. 2023).....................3

Wright v. City of Philadelphia, 229 F.Supp. 3d 322 (E.D. Pa. 2017) ..........................................2

Zuniga v. Am. Home Mortgage, 2016 U.S. Dist. LEXIS (D.N.J. 2016).....................................2

**Federal Statutes**

29 U.S.C. § 794 ...........................................................................................................................6

# LEGAL ARGUMENT

## POINT I

### PLAINTIFF DISCLAIMS CERTAIN CLAIMS AS TO HUDSONC COUNTY. THE COUNTY PRESERVES ITS MOTION TO DISMISS

In footnote 4 of Plaintiff's Consolidated Response to Defendants' Motions to Dismiss, Plaintiff asserts that Counts V (failure to intervene), VI (conspiracy), and XI (intentional infliction of emotional distress – "IIED") were not brought against Hudson County and therefore declines to respond to the County's arguments to dismiss said counts. Plaintiff's Consolidated Response ("PCR") at 6. This assertion is inconsistent with the Complaint, which expressly pleads these counts against "All Defendants." Complaint at 27-29; 34-35. To the extent Plaintiff now disclaims those claims as to Hudson County, the Court should deem them withdrawn and dismiss Counts V, VI, and XI against Hudson County with prejudice. Alternatively, if the Court construes the Complaint as asserting these claims against the County, Hudson County respectfully relies on the arguments set forth in its opening brief in support of its Motion to Dismiss.

## POINT II

### PLAINTIFF DOES NOT ALLEGE HUDSON COUNTY-SPECIFIC CONDUCT AS TO COUNTS I AND III AND INSTEAD RELIES ON IMPROPER GROUP PLEADINGS

Hudson County moved to dismiss Counts I and III because those claims rely on impermissible group pleading and fail to allege any Hudson County–specific conduct in violation of Rule 8. Plaintiff's opposition does not address that defect. Rather than identifying any actions by Hudson County that allegedly violated Plaintiff's due process rights or caused a deprivation of liberty in violation of §1983, Plaintiff argues only that the Complaint is sufficiently pled when read as a whole. PCR at 7-12. That argument misses the point. Even under the flexible pleading standards of Rule 8, a plaintiff must allege facts showing what *each* defendant did to violate his

1

rights. Because neither the Complaint nor the Opposition identifies any conduct by Hudson County supporting Counts I or III, those claims should be dismissed as to the County.

Plaintiff relies on *Wright v. City of Philadelphia* for the proposition that complaint's use of sub-groups, such as "on-scene defendants," is not, by itself, a basis for dismissal. See PCR at 8 (quoting Wright v. City of Philadelphia, 229 F. Supp. 3d 322, 338 (E.D. Pa. 2017). That case does not help Plaintiff here. *Wright* involved a sub-grouping within a single police department, where the complaint described the conduct of each subgroup. By contrast, no officer or employee of Hudson County were members of the Jersey City Police Department, and they cannot be lumped together with the City officer defendants as any form of sub-grouping. Instead, Rule 8 requires that a defendant must be put on notice of their *own* alleged wrongdoing. See Zuniga v. Amer. Home Mortgage, 2016 U.S. Dist. LEXIS 155256 at *13-14 (D.N.J. November 8, 2016).

Moreover, the court in Wright expressly noted that the complaint there did not "rely solely on generic references to 'all defendants.'" Wright, 229 F. Supp. 3d at 338. Here, Counts I and III do exactly that by pleading liability against "All Defendants" without identifying any conduct by Hudson County or any of its officers or employees. Because Plaintiff has not alleged, or even argued, facts tying Hudson County to the asserted §1983 due process or deprivation of liberty claims, dismissal is warranted.

## POINT III

### PLAINTIFF WAS NOT DENIED ANY "SERVICE, PROGRAM, OR ACTIVITY" BY DEFENDANT HUDSON COUNTY DURING CUSTODIAL INTERROGATION AND CANNOT ESTABLISH DELIBERATE INDIFFERENCE

The County reiterates the legal standard for discrimination under the Americans with Disabilities Act ("ADA") as set forth in the Motion to Dismiss. An ADA Plaintiff "must demonstrate: (1) he is a qualified individual; (2) with a disability; (3) [who] *was excluded from*

2

*participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity*; (4) by reasons of his disability," James v. Superior Court of N.J., 2023 U.S. Dist. LEXIS 125601, *9 (D.N.J. July 20, 2023) citing Haberle v. Troxell, 885 F.3d 171, 178-179 (3d Cir. 2018) (quoting Bowers v. NCAA, 475 F.3d 524, 553 n.32 (3d Cir. 2007)). [emphasis added]

 Plaintiff has failed to identify any "service, program, or activity" denied to him by Hudson County. Plaintiff treats custodial interrogation by Jersey City officers as a "service, program, or activity" attributable to the County, which it was not. Plaintiff was not in the custody of the County during interrogation, nor was he interrogated by County officers or personnel. Plaintiff merely alleges that Captain Dougherty *after the fact* became aware of "serious and egregious misconduct" allegedly committed by the Jersey City officers, and then allegedly joined a conspiracy to conceal the alleged misconduct and wrongdoing. Complaint at ¶111-125. Title II of the ADA requires exclusion from or discrimination in the public entity's *own* services. See Douris v. New Jersey, 500 Fed.Appx. 98, 101-102 (3d Circ. 2012) 2012 WL 4503272 (Holding that the State could not be held liable for alleged ADA violations of the municipal courts, which were not under State control).

 Third Circuit precedent does not support derivative ADA liability of a defendant where another entity provided the service, program, or activity; failed to make reasonable accommodations; or the defendant merely failed to undo the alleged harm later. In *Haberle*, which Plaintiff cites to, the Court did indeed find the ADA can apply to police conduct during an arrest. Haberle at 180. However, the alleged ADA violation in *Haberle* was on the part of the borough police department, and the Court found that the plaintiff had not sufficiently pled an ADA violation against the borough itself. Id. at 178. Specifically, the alleged ADA violation was a failure by a

3

borough police officer to wait for trained crisis support specialists when responding to an emergency call and arriving at the scene where a disturbed individual with a mental disability was present. Id. at 171-174. The failure to provide accommodation via professionals specifically trained to respond to mental health crises was attributable to the police officer and the borough police department, and not the borough itself. Similarly, here, there was no denial of a service, program, or activity on the basis of disability by the County, nor was there any failure to reasonably accommodate Plaintiff's disability during the custodial interrogation on the part of the County.

Instead, in order for Plaintiff to properly allege an ADA violation against the County, Plaintiff must plead that the County engaged in intentional and "deliberate indifference." Haberle at 181. In order to prove intentional and deliberate indifference, the Plaintiff must show that there was "(1) knowledge that a federally protected right is substantially likely to be violated … and (2) failure to act despite that knowledge." Id. The ruling in *Haberle* is instructive here as well, as the Court there ruled that the plaintiff could not establish that the borough had engaged in intentional and deliberate indifference. The Court found that the plaintiff had failed "to allege that the Borough was aware that its existing policies made it substantially likely that disabled individuals would be denied their federally protected rights under the ADA." Id. Deliberate indifference can be established when the plaintiff alleges that "existing policies caused a failure to 'adequately respond to a pattern of past occurrences of injuries like the plaintiffs','" or by proving "that the risk of … cognizable harm was 'so great and so obvious that the risk and the failure … to respond will alone' support finding" deliberate indifference. Id. (quotations omitted). In Haberle, the Court found that the plaintiff relied on mere generalized allegations that the borough had a history of violating civil rights, offering minimal proof. Id. at 182. Said minimal proof bore little to no similarity to the alleged violation at issue, and thus could not have put the borough "on notice that

4

policies, practices, and procedures had to be changed." Id. Likewise, as to the requirement of proving great and obvious risk of harm, the plaintiff in *Haberle* merely alleged that the borough's conduct fell beneath national recognized standards in similar circumstances. Id.

Here, Plaintiff cannot establish deliberate indifference on the part of the County because Plaintiff has not alleged that existing County policies caused a failure to respond to a "pattern of past occurrences of injuries" similar to his own. Nowhere in the Complaint (nor in the Consolidated Response to the Motion to Dismiss) is it alleged that Hudson County had a history of ADA violations in the context of police interrogations, nor is it ever alleged that the County was aware or on notice of any such history and failed to adopt appropriate policies, practices, or procedures to address said ADA violations.

Furthermore, as stated in the County's Motion to Dismiss, Plaintiff has not alleged beyond mere conclusory statements that Captain Dougherty was aware that Plaintiff suffered from any mental or intellectual disability. Nothing in the Complaint establishes that Plaintiff's low IQ or intellectual impairment were known or apparent to Captain Dougherty. Thus, Dougherty and the County could not have been aware that a federally protected right was likely to be violated, because the only right protected by the ADA is the right to be free from discrimination on the basis of disability.

Even assuming for the sake of argument that Plaintiff's contention that Dougherty engaged in a conspiracy and "cover up" after the fact is true (which the County disputes), Plaintiff has not – and cannot – establish that this constituted "deliberate indifference" to a disability, nor that entering into the conspiracy and coverup was undertaken *because of* said disability. Even the specific allegations against Captain Dougherty, that he was informed about misconduct during the interrogations and that there was supposedly credible evidence implicating alternate suspects, do

5

not, in any way, relate to Plaintiff's disability. Awareness of alleged coercion is not awareness of a qualifying disability, and the Complaints pleads no facts showing that Hudson County knew Plaintiff was disabled, much less that disability drove any County action or inaction.

## POINT IV

### PLAINTIFF HAS NOT SUFFICIENTLY PLED VIOLATION OF THE REHABILIATION ACT BY DEFENDANT HUDSON COUNTY

It is worth reiterating the statutory language of the Rehabilitation Act: "No otherwise qualified individual with a disability. . . shall, *solely by reason of her or his disability*, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance. . ." 29 U.S.C. § 794. [emphasis added] Here, as outlined above, Plaintiff has not in fact established that any alleged denial of benefits or discrimination was due to his mental or intellectual disability. Again, Plaintiff alleges that the interrogating officers knew or should have known that he had a low IQ and was disabled, but does not illustrate how or why any officer would have known that.

Plaintiff repeatedly alleges that there was fabrication of evidence, concealment of exculpatory facts, and coercion of a false confession. However, even assuming these allegations are true, this misconduct is the type of misconduct motivated by investigatory goals and *not* motivated by discrimination by reason of disability. The Rehabilitation Act makes clear that individuals with a qualified disability shall not be excluded from participation in any program, denied benefits, or subjected to discrimination "solely by reason" of disability. Despite Plaintiff's contention in the Consolidated Response to the Motions to Dismiss, there has been no showing beyond mere conclusory statements that the alleged misconduct took place on the basis that he was disabled. Established case law does not support finding violation of a Rehabilitation Act violation here because disability was not the sole cause of any alleged discrimination. See CG v.

6

Pennsylvania Dept. of Educ., 734 F.3d 229, 235-236 (3d Cir. 2013). The purpose of the Rehabilitation Act (as well as the ADA) is to "prohibit discrimination against one 'subgroup' of disabled people as compared to another subgroup if the characteristic distinguishing the two subgroups is the nature of their respective disability." Id. at 236. Even assuming that all the alleged misconduct by the City officers and Captain Dougherty were true, Plaintiff's own allegations describe solely investigatory and prosecutorial misconduct, and not misconduct taken due to disability, which defeats a Rehabilitation Act claim as a matter of law.

## CONCLUSION

For the reasons set forth herein, as well as in the County of Hudson's initial moving papers, it is respectfully requested that the County's motion to dismiss be granted in its entirety and the claims against it be dismissed.

                                              **DURKIN & DURKIN, LLC**
                                              Attorney for Defendant
                                              Hudson County

By: /s/ *Gregory F. Kotchick*
      Gregory F. Kotchick

Dated: January 21, 2026