**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DION MILLER,<br><br>Plaintiff,<br><br>v.<br><br>SEAN MEANS, MARTIN D'ANGELO, DET. CARMINE DISBROW, JERSEY CITY, MIKE GELCIAN (SUPERVISOR), CAPTAIN VINCENT DOHERTY (SUPERVISOR), SGT. CHARLIE RUSSO (SGT), HUDSON COUNTY.<br><br>Defendants. | Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Jose R. Almonte, U.S.M.J.<br><br>Civil Action No. 2:25-cv-01009-CCC-JRA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO EXTEND TIME TO FILE A MOTION FOR SUBSTITUTION OF DECEASED DEFENDANT CHARLES RUSSO**

Plaintiff, Dion Miller, by and through undersigned counsel, respectfully moves pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 25(a)(1) for an extension of time through January 25, 2027, to file a motion for substitution of deceased Defendant Charles Russo.

In support of this Motion, Plaintiff states as follows:

**Plaintiff's Efforts to Identify the Representative of Defendant Russo's Estate**

1. On August 7, 2026, defense counsel informed Plaintiff's counsel that Defendant Russo had passed away and offered to obtain estate information. Plaintiff's counsel requested that information the same day. *See* Certification of Nathaniel L. Foote, Esq. ("Foote Cert."), Ex. A.

2. On August 19, 2026, the parties informed the Court that defense counsel would follow up regarding the estate to facilitate substitution. *See* Foote Cert.

3. On August 26, 2026, defense counsel filed a Suggestion of Death stating that Defendant Russo died on or about August 5, 2026. ECF No. 110.

4. On August 27, 2026, defense counsel advised Plaintiff's counsel that he was in contact with Defendant Russo's wife and had requested estate information. *See* Foote Cert.

5. Plaintiff's counsel requested updates on November 2, 12, and 16, 2026. *See* Foote Cert.

6. Despite these efforts, no estate representative has been identified to Plaintiff, and Plaintiff has not received confirmation that an estate has been opened.

7. Plaintiff intends to contact Defendant Russo's wife, determine whether an estate has been opened in the appropriate Florida probate court, and, if necessary, pursue appointment of a representative.

**The Ninety-Day Substitution Period May Not Have Commenced**

8. Rule 25(a)(1) requires a motion for substitution within ninety days after service of a statement noting death. Under Rule 25(a)(3), service on nonparties must comply with Rule 4. *See Giles v. Campbell*, 698 F.3d 153, 157–58 (3d Cir. 2012).

9. ECF No. 110 identifies no estate representative and indicates service only upon counsel of record via CM/ECF. Plaintiff is unaware of any Rule 4 service upon a successor or representative. Accordingly, the ninety-day period may not have commenced.

10. Assuming the period commenced on August 26, 2026, the deadline would be November 24, 2026. Plaintiff files this Motion out of an abundance of caution and without conceding that the substitution period has commenced.

**Good Cause Supports the Requested Extension**

11. Rule 6(b)(1)(A) permits the Court to extend the substitution deadline for good cause upon a timely request. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1094 (9th Cir. 2017).

12. Difficulty identifying a deceased party's legal representative or successor is a recognized basis for seeking an extension. *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998); *Tatterson v. Koppers Co.*, 104 F.R.D. 19, 21 (W.D. Pa. 1984); *Nationwide Prop. & Cas. Co. v. Target Homes*, *Inc.*, No. 3:12-CV-525, 2013 WL 785085, at *2 (M.D. Pa. Mar. 1, 2013) (granting plaintiff extension of time to file substitution motion under Rule 6(b), and noting that under *Tatterson*, such extensions should be liberally granted); *Stromberg v. Midland Funding*, LLC, No. CV 16-9288 (ES) (MAH), 2026 WL 949014, at *6 (D.N.J. Apr. 8, 2026) (citing *Nationwide* favorably).

13. Good cause exists because Plaintiff has repeatedly sought estate information but remains unable to identify the proper party for substitution. Plaintiff brings this motion in good faith, as the 90-day requirement has not yet elapsed and additional time is necessary to identify or obtain appointment of a representative and comply with the applicable service requirements.

14. The requested extension is limited in scope and will not unduly prejudice Defendants, who have been aware of the estate issue since August 2026.

15. Plaintiff requests sixty additional days from the assumed November 24, 2026 deadline. Because the sixtieth day falls on Saturday, January 23, 2027, Plaintiff requests an extension through Monday, January 25, 2027, pursuant to Rule 6(a)(1)(C).

16. Plaintiff's counsel requested concurrence from defense counsel for deceased Defendant Charles Russo on November 23, 2026 but no response was received as of the time of filing of this Motion.

WHEREFORE, Plaintiff, Dion Miller, respectfully requests that this Honorable Court enter an Order:

a. Granting Plaintiff's Motion to Extend Time to File a Motion for Substitution of Deceased Defendant Charles Russo;

b. Extending the time for Plaintiff to file a motion for substitution pursuant to Federal Rule of Civil Procedure 25(a)(1) through and including January 25, 2027; and

c. Granting such other and further relief as the Court deems just and proper.

Dated: November 24, 2026

Respectfully submitted,

ANDREOZZI + FOOTE

/s/ Nathaniel L. Foote
Nathaniel L. Foote, Esq.
Veronica N. Hubbard, Esq.
4503 N. Front St.
Harrisburg, PA 17110
800-706-2764
nate@vca.law
veronica@vca.law
Co-counsel for Plaintiff Dion Miller

LOEVY & LOEVY

Elliot Slosar, Esq.
Tara Thompson, Esq.
Kathryn Montenegro, Esq.
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
(312) 243-5900