**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| DION MILLER,<br><br>Plaintiff,<br><br>v.<br><br>SEAN MEANS, MARTIN D'ANGELO, DET. CARMINE DISBROW, JERSEY CITY, MIKE GELCIAN (SUPERVISOR), CAPTAIN VINCENT DOHERTY (SUPERVISOR), SGT. CHARLIE RUSSO (SGT), HUDSON COUNTY.<br><br>Defendants. | ) | Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Jose R. Almonte, U.S.M.J.<br><br>Civil Action No. 2:25-cv-01009-CCC-JRA<br><br>JURY TRIAL DEMANDED |

**CERTIFICATION OF NATHANIEL L. FOOTE, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND TIME TO FILE A MOTION FOR SUBSTITUTION OF DECEASED DEFENDANT CHARLES RUSSO**

I, Nathaniel L. Foote, of full age, certify as follows:

1. I am an attorney admitted to practice before this Court and a member of Andreozzi + Foote, counsel for Plaintiff Dion Miller in this action, together with co-counsel Loevy & Loevy. I am familiar with the facts stated in this Certification based on my involvement in this matter and my review of the file, including the correspondence between Plaintiff's counsel and defense counsel described below. I submit this Certification in support of Plaintiff's Motion to Extend Time to File a Motion for Substitution of Deceased Defendant Charles Russo.

2. On May 21, 2025, Plaintiff served Defendant Russo with the Summons and Complaint by substitute service on his wife, Deanne Groves, at his residence at 12360 Capri N Circle, Treasure Island, Florida 33706.

3. On August 6, 2026, Plaintiff's counsel met and conferred with Michael McNeil, counsel for Defendant Russo, about Defendant Russo's outstanding discovery responses and his ability to respond given his prior diagnosis of dementia.

4. On August 7, 2026, Mr. McNeil emailed Plaintiff's co-counsel Kathryn Montenegro, Esq. that he had reached out to Defendant Russo's wife, and that she advised that Defendant Russo had passed away. Mr. McNeil offered to gather information about the estate but wanted to give Defendant Russo's wife time to grieve. That same day, Ms. Montenegro asked Mr. McNeil to send the estate information after he returned to the office. A true and correct copy of this August 7, 2026 email exchange is attached as Exhibit A.

5. On August 19, 2026, the parties informed the Court by letter that counsel for Defendant Russo would follow up with information about Defendant Russo's estate to facilitate Plaintiff's anticipated motion to substitute. ECF No. 106.

6. On August 26, 2026, Mr. McNeil filed a Suggestion of Death Upon the Record as to Defendant Russo. ECF No. 110. The Suggestion of Death does not identify any executor, administrator, successor, or representative of Defendant Russo's estate. The filing indicates service on all counsel of record via CM/ECF and contains no indication of service upon an estate representative pursuant to Federal Rule of Civil Procedure 4.

7. On August 27, 2026, Plaintiff's counsel Veronica N. Hubbard, Esq. asked Mr. McNeil whether he had been in touch with the family about an estate for Defendant Russo. Mr. McNeil replied that he was in contact with Defendant Russo's wife and had reached out for estate information. A true and correct copy of this August 27, 2026 email exchange is attached as Exhibit B. Plaintiff's counsel has received no estate information from Mr. McNeil since that reply.

8. On November 2, 2026, Ms. Montenegro emailed Sean Fogarty and Benjamin Clarke. She noted that Mr. McNeil had been working on obtaining the information on Defendant Russo's estate so that Plaintiff could move forward with the motion to substitute, and she asked for any updates as soon as possible. A true and correct copy of this November 2, 2026 email is attached as Exhibit C.

9. On November 12, 2026, Ms. Montenegro emailed Mr. Fogarty again, asked for an update on Defendant Russo's estate, and requested a response by the end of the next day. Plaintiff's counsel received no response.

10. On November 16, 2026, Ms. Montenegro followed up, noted that she had not received a response, and asked for an update on the estate as soon as possible. Plaintiff's counsel received no response.

11. On November 18, 2026, Ms. Montenegro advised Mr. Fogarty that, because Plaintiff had not received a response, Plaintiff would reach out to Defendant Russo's next of kin directly. Mr. Clarke responded that Mr. Fogarty was out of the office that week and would attend to her inquiries upon his return. Ms. Montenegro noted in reply that her emails asking for an update dated back to November 2, 2026. A true and correct copy of the November 12 through November 18, 2026 email chain is attached as Exhibit D.

12. As of the date of this Certification, no counsel has identified an executor, administrator, or other representative of Defendant Russo's estate, or confirmed whether anyone has opened an estate. Plaintiff has received no confirmation that the Suggestion of Death was served upon any successor or representative of Defendant Russo's estate.

13. Plaintiff will contact Defendant Russo's wife at the Florida address where Defendant Russo was served and will determine whether an estate has been opened in that county.

If no one has opened an estate, Plaintiff will petition the appropriate court for appointment of a representative so that a proper party exists for substitution.

I certify under penalty of perjury that the foregoing statements made by me are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 24, 2026

/s/ Nathaniel L. Foote
Nathaniel L. Foote, Esq. (NJ ID 330132021)
ANDREOZZI + FOOTE